IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORINTHEUS MONCION ASH,

    Plaintiff,

v.                                    CASE NO. 5:14-cv-3-MP-GRJ

GRACE AND TRUTH CHURCH and
PASTOR CARL JACKSON,

    Defendant.

_____/

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a Complaint pursuant to 42 U.S.C § 1983, Doc. 1, and a motion for leave to proceed as a pauper, Doc. 2. The Court concludes that leave to proceed as a pauper should be granted.

The Complaint is before the Court for initial screening pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*. The IFP statute provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

---

[1] 28 U.S.C. § 1915(e)(2).

*Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

The allegations of the Complaint are disjointed and difficult to construe.  Plaintiff is a former inmate of the Florida Department of Corrections (DOC) and the Bay County Jail.² The DOC online inmate locator reflects that Plaintiff was most recently released

---

²The Court takes judicial notice of Plaintiff's previous civil cases stemming from his Bay County charges.  *See Ash v. Florida*, Case No. 5:13-cv-223-RS-EMT, Doc. 11 (dismissed for failure to comply with order of the court on 10/21/13); *Ash v. Bay County Jail,* Case No. 5:12-cv-298-RS-GRJ, Doc. 16 (dismissed for failure to prosecute on

from DOC custody in June 2013.  Liberally construing the allegations of the Complaint, it appears that Plaintiff received post-release charitable assistance from the Grace and Truth Fellowship of Deliverance in Panama City, which may have included temporary housing.  *See* Doc. 1.  The only named Defendants in this case are Grace and Truth and its pastor, Carl Jackson.  Doc. 1.  Plaintiff makes vague statements regarding "invasion of privacy," "illegal use of electronic device" placing Plaintiff in a "false light of the community," loss of wages and loss of employment, "wreckless [sic] endangerment," "false witness," and "violation of freedom of religion."  Doc. 1.  Apart from these disjointed and conclusional statements, the Complaint is devoid of any factual allegations suggesting that Defendants may be liable to Plaintiff under any theory.

Moreover, there are no allegations suggesting that the named Defendants should be considered "state actors" under § 1983.   Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983.  To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th

---

6/11/13);  *Ash v. Kelley,* Case No. 5:13-cv-35-SPM-GRJ, Doc. 10 (dismissed for failure to state a claim on 3/25/13);

Cir. 2001).  Even liberally construed, the statements in the Complaint do not suggest that Plaintiff could meet any of these tests.

Accordingly, it is **ORDERED** that the motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**   It is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C § 1915(e)(2) for failure to failure to state a claim upon which relief may be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 4th day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.